UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**FILED**
DEC 27 2006
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

**KEVIN KEITT # 12899-058**

    Plaintiff,

V.

**RAY ORMOND**

**M. LESLIE**
**JOHN GRIMES**  Defendant(s).

CIVIL NO. **5:06-1069**

PETITION PURSUANT TO 28 U.S.C.
SECTION 1331

PETITIONER FILED IN THIS HONORABLE COURT FOR THE

**SOUTHERN DISTRICT OF WEST VIRGINIA (BECKLEY DIVISION)**

BY PLAINTIFF:  KEVIN KEITT #12899-058

        P.O. BOX 350

        BEAVER, WEST VIRGINIA 25813

1331 Form

FORM TO BE USED BY FEDERAL PRISONERS IN FILING A COMPLAINT
UNDER 28 U.S.C.§ 1331

In the United States District Court

For the SOUTHERN DISTRICT OF WEST VIRGINIA

KEVIN KEITT

(Enter above the full name of the plaintiff or plaintiffs in this action)

v.

RAY ORMOND

M. LESLIE (FIRST NAME UNKNOWN)

JOHN GRIMES

UNKNOWN DEFENDANTS

(Enter the full name above of the defendant or defendants in this action).

I. Place of Present Confinement  FCI BECKLEY BEAVER WEST VIRGINIA

II. Previous Lawsuits

   A. Have you begun other lawsuits dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes_____ No XXXXXX

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

-2-

III. In order to proceed in federal court you must ordinarily fully exhaust your administrative remedies as to each ground on which you request action by the federal court.

    A. Did you fully exhaust, including appeals, your administrative remedies pursuant to the Bureau of Prisons Policy Statement 1330.07?  Yes **XXX**  No _____

    B. If your answer to A is yes,

       1. What steps did you take?
         BP-8, B P-9, BP-10, **FOLLOWING FEDERAL BUREAU OF PRISON POLICY**

       2. What was the result?
         **DENIED**

    C. If your answer to A is no, why not ?

IV. Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any).

    A. Name of plaintiff **KEVIN KEITT #12899-058**
    **FEDERAL CORRECTIONAL INSTITUTION (BECKLEY)**
    **P.O. BOX 350**
    **BEAVER, WEST VIRGINIA 25813**

( In Item B below, place the full name of the defendant in the first blank, his official position in the second blank. Use Item C for the names, positions, and place of employment of any additional defendants).

    B. Defendant RAY ORMOND is employed as **CAMP ADMINSTRATOR, UNIT MANAGER** at **FCI BECKLEY, BEAVER WEST VIRGINIA**

    C. Additional Defendants **M. LESLIE , CASE MANAGER, FCI BECKLEY, BEAVER, WEST VIRGINIA. JOHN GRIMES, COUNSELOR FCI BECKLEY (CAMP)  UNKNOWN DEFENDANT FCI BECKLEY (CAMP)**

V. Cause of Action

(List hereunder the different causes of action that are the grounds for the prosecution of this law suit.)

1. PLAINTIFF PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS WAS VIOLATED BY DEFENDANTS WITH REMOVAL OF PLAINTIFF FROM THE PRISON CAMP IN VIOLATION OF BUREAU OF PRISON POLICY.

2. PLAINTIFF WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT IN VIO- OF PLAINTIFF EIGHTH AMENDMENT. PLAINTIFF SPENT 51 DAYS IN ADMINISTRATIVE DETENTION FOR NO JUSTIFICATION BY THE DEFENDANTS.

3.

VI. Grounds for relief

(Hereunder set out the factual allegations that you consider as establishing a basis for your requested relief under the specific cause/s of action/s.) (If additional space is necessary. include as attachments.)

1. SEE COPY OF ENCLOSED ATTACHMENT STATING FACTUAL GROUNDS.

2.

3.

4.

VII. Relief sought
(Hereunder itemize the specific relief you exect to obtain on the prosecution of this law suit.)

1. 10.000 DOLLARS FROM EACH DEFENDANT
ADMINISTRATIVE TRANSFER BACK TO ANOTHER PRISON CAMP WITHIN THIS REGION. AND A RESTORATION OF ALL BENEFITS LOST AS A RESULT OF THE DEFENDANTS ACTIONS.

2.

Wherefore, your Plaintiff respectfully requests that this Honorable Court grant the within relief sought and any other relief that this Court deems just and proper.

-4-

## SUPPORTING FACTS

Plaintiff, Kevin Keitt #12899-058 received an incident report on April 3, 2006, for an offense code 203, concerning a phone conversation offense code 203, for "threating bodily harm". **See Exhibit "1"** Identifying the offense in the Bureau of Prison Policy and procedures manual. **See Exhibit "2"** identifying the sanctions for the offense disciplinary severity scale. Category: (High 200 series), sanctions: (a) through (M). Plaintiff was place in administrative segregation for this code offense. On April 6, 2006, the Unit Disciplinary Committee (UDC) as required by the BOP policy informed Plaintiff of his rights regarding the incident report. As required by BOP policy the incident report was sent to the Disciplinary Hearing Officer (DHO) **See Exhibit "3"** on incident report # 1451853 shown on line 18 through 20, that the UDC referred all disciplinary actions/sanction will be given at the DHO hearing or at the DHO discretion. On April 11, 2006, Plaintiff appeared before the DHO and was found guilty of the offense and the DHO initiated the sanction to be impose. **See Exhibit "4"** DHO report page 3, this is the action of the DHO only. Also on the same page below in the next paragraph gives reasons for imposing the sanctions.

As the court review these documents the DHO made no finding concerning disciplinary transfer or a re-classification designation although Plaintiff was found guilty and it was within the DHO discretion to do so. Upon receiving a copy of [DHO Report] the Plaintiff notice

-1-

"scrutiny and bias" by the wording in the disciplinary report. See **Exhibit "4" Plaintiff disciplinary hearing report dated April 11, 2006.** On page (1) of the report also list Plaintiff (security level) was changed to (medium) from (minimum) custody classification stated in the DHO report. On April 24, 2006 Plaintiff filed his administrative remedy to the regional office, requesting that his incident report be expunged and Plaintiff also complained concerning his custody classification being changed from minimum to medium custody and his transfer to a medium custody institution. **See Exhibit "5" attached copy of regional administrative remedy appeal.**

Following Plaintiff DHO hearing he should have been release from administrative segregation but base on the action of the defendants he spent a total of 51 days in administrative detention waiting for the administrative transfer. This procedure is the cruel and unusual punishment base on the fact that the DHO hearing Officer never imposed a sanction requiring Plaintiff to serve any time in administrative segregation.

On June 13, 2006 Plaintiff filed a request for administrative remedy informal resolution form. **See Exhibit "6"** On June 27, 2006 Plaintiff received the response back from his regional administrative remedy appeal. **See Exhibit "7"** In the response it states that Plaintiff's transfer was not a sanction imposed by the DHO **See paragraph (4).**

-2-

On June 23, 2006 Plaintiff filed a request for administrative remedy. **See Exhibit "8"** On July 12, 2006 Plaintiff received the response from the administrative remedy denying the requested relief. Once Plaintiff attempted to appeal the response from the administrative remedy to the regional level Plaintiff was denied and the regional office stated that Plaintiff appeal was untimely. As Plaintiff reviewed the time limits and his mailing date his appeal should have been timely filed. Plaintiff must submit that his appeal was untimely base on action of employee of the institution. **See Exhibits "9" and "10" where Plaintiff attempted to appeal** Plaintiff also filed a complaint to the BOP office of Freedom of information/Privacy Acts, for information about his security classification form dated November 30, 2004, showing Plaintiff custody classification before any incident report. Plaintiff was informed that the copy was no longer in his files. **See Exhibit "11"**

This suit is base on the fact that this Plaintiff received an incident report. Following Bureau of Prison (BOP) Policy Plaintiff was taken before the DHO where he was found guilty and was given his sanction. The name and unknown named defendants refuse to except the founding of the DHO or the sanctions imposed and use a procedure which they created and imposed their sanction on Plaintiff in violation of BOP policy and procedures.

-3-

## CAUSE OF ACTION

The Bureau of Prisons has establish rules and guidelines to be followed when inmates are charged with disciplinary infractions. In the present action Plaintiff does not challenge any of the finding of Disciplinary Hearing Officer (DHO) of does Plaintiff challenge any of the sanction imposed by the DHO. Plaintiff suit is base on the fact that his Unit Disciplinary Committee refuse to honor the DHO finding and sanctions imposed as required by Bureau of Prisons (BOP) policies. After the UDC received copies of the DHO finding and recommendations the UDC initiated its own finding and imposed its sanction.,

Accordingly as the facts of this case clearly reveals the DHO made no finding which would require that Plaintiff should be given a disciplinary transfer, being more specific, the DHO never requested that Plaintiff be removed from the prison camp. The DHO never required that Plaintiff serve any time in administrative segregation. These fact clearly establish that Plaintiff substantive and procedural "Due Process rights" were violated where the BOP has establish strict guideline to be employed concerning disciplinary infractions (sanctions establish by BOP)( independent hearing Officer).

The Defendant in the present case determine that the sanctions imposed by the DHO was not severe enough. The Defendants re-classified Plaintiff and removed Plaintiff from the Prison Camp in violation of BOP policies and without justification.

-4-

Accordingly for these procedural and substantive due process violations Plaintiff seeks damages Plaintiff further seeks damages for cruel and unusual punishment where the defendants subjected Plaintiff to administrative segregation for a total of 51 day with out justification.

See Biven v Six Unknown Federal Narcotics Agents 403 U.S. 388 [91 S. Ct. 1999, 29 LEd 2d 619], Davis v Passman, 442, US 228 [99 S.Ct. 2264, 60 L. Ed 2d 846], 1969 and Cruel and Unusual Punishment Clause of the Eighth Amendment, Carlson v Green 446, U.S. 14 [100 S. Ct. 1468, 64 L Ed 2d 15] (1980), Also Holly v Scott, 434 F 3d 286 (4th Cir 2006).

Signed this __26__ day of __December_____, ~~19~~ __2006__.

_____Kevin Keith_____

_____

(Signature of plaintiff or

plaintiffs)

Executed at __FCI Beckley Beaver, West Virginia 25813__

(Name of Institution, City, County)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____12-26-2006_____

(Date)

_____Kevin Keith_____

_____

(Signature of plaintiff or

plaintiffs)

-5-