IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**KEVIN TODD KEITT,**

    **Plaintiff,**

v.                                      **Case No. 5:06-cv-01069**

**RAY ORMOND, Camp Administrator,
Unit Manager, FCI Beckley,
M. LESLIE, Case Manager, FCI Beckley,
JOHN GRIMES, Counselor, FCI Beckley,
UNKNOWN DEFENDANT, FCI Beckley,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 27, 2006, Plaintiff filed a Complaint under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), alleging that the defendants violated his Fifth Amendment right to due process, and his right to be free from cruel and unusual punishment under the Eighth Amendment, by holding him in administrative segregation for a period of 51 days, and transferring him from the minimum security prison camp to the medium security facility at the Federal Correctional Institution at Beckley ("FCI Beckley") in Beaver, West Virginia.  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND**

According to Plaintiff's Complaint, on April 3, 2006, while Plaintiff was incarcerated at the Federal Prison Camp at FCI Beckley, Plaintiff was written up in an incident report for a violation of offense code 203, "threatening bodily harm," after he was overheard making a threatening remark to his girlfriend on the telephone. (# 1, Exs. 1-3). Plaintiff was apparently placed in administrative segregation, and the incident report was addressed by Plaintiff's Unit Disciplinary Committee ("UDC"). Defendants Leslie and Grimes were members of the UDC. The UDC referred the matter to a Disciplinary Hearing Officer ("DHO"). (Id., Ex. 3).

On April 11, 2006, Plaintiff appeared before the DHO and was found guilty of the offense. The sanctions imposed by the DHO were the loss of 14 days of Good Conduct Time and the loss of telephone privileges for six months, which was suspended pending 90 days clear conduct. (Id., Ex. 4). That same date, Plaintiff's classification level was changed from minimum to medium security and he was subsequently transferred to the medium security facility at FCI Beckley.

On April 24, 2006, Plaintiff filed an administrative appeal of the DHO decision, complaining that he was transferred from the camp to the medium security facility and requesting that his record be expunged. On April 27, 2006, a written response denying the appeal was issued by the Regional Director of the Bureau of Prisons. (Id.

Ex. 5). The Regional Director found that the required disciplinary procedures had been followed, that there was evidence to support the DHO's finding, and that the sanctions were appropriate for the offense. The Regional Director acknowledged that Plaintiff's transfer was not a sanction imposed by the DHO, but that Plaintiff had not raised that issue at the institutional level. Accordingly, he did not address that issue in the response. (Id.)

On June 13, 2006, Plaintiff filed a Request for Administrative Remedy at FCI Beckley concerning the change in his custody classification. (Id., Ex. 6). The response by his counselor and unit manager indicated that the increase in custody classification occurred due to Plaintiff's commission of a 200 series offense. (Id.)

On June 23, 2006, the Warden's office received Plaintiff's Request for Administrative Remedy, asserting that the DHO had not made re-scoring of Plaintiff's custody classification a part of his sanctions for the code 203 offense. On July 12, 2006, the Warden found that Plaintiff's custody classification had been appropriately increased and denied Plaintiff's Request for Administrative Relief. (Id., Ex. 8). Plaintiff's appeal of that decision to the Regional Office was first rejected for not being in the proper form and was subsequently rejected as being untimely. (Id., Exs. 9 and 10). Plaintiff asserts that the appeal was untimely due to the actions of FCI Beckley employees. (# 1 at 7).

**PLAINTIFF'S CLAIMS**

Plaintiff's Complaint notes that he is not challenging the findings of the DHO or the sanctions imposed by the DHO. Rather, Plaintiff states that his complaint is based upon "the fact that his Unit Disciplinary Committee refuse[d] to honor the DHO finding and sanctions imposed as required by Bureau of Prisons (BOP) policies. After the UDC received copies of the DHO findings and recommendations, the UDC initiated its own finding and imposed its sanction." (# 1 at 8).

Plaintiff asserts that, because the DHO did not impose administrative segregation or a transfer to the medium security facility as sanctions, Plaintiff's re-classification and transfer from the prison camp were without justification and violated his constitutional rights. (Id.) Plaintiff appears to be seeking $10,000 from each defendant, an administrative transfer back to the prison camp, and the restoration of all benefits lost "as a result of the defendants' actions."

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pro se

4

complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

## ANALYSIS

In Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the United States Supreme Court held that, in order to show the deprivation of a liberty interest regarding custody classifications, a prisoner must show either (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause by its own force, or (2) the confinement creates an atypical or significant hardship, and there is a recognized liberty interest to be free from such confinement or restraint.

Administrative segregation, in and of itself, does not give rise to the deprivation of a liberty interest, or create an atypical hardship for a prisoner. See, *e.g.*, Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Nor has Plaintiff alleged that any particular conditions of his administrative segregation caused an atypical hardship. Similarly, a prisoner has no liberty interest in his custodial classification. See Meachum v. Farno, 427 U.S. 215, 225 (1976)(transfer to higher security facility does not violate a liberty interest); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Accordingly, Plaintiff's Complaint fails to allege a violation of his due process rights.

Furthermore, segregated confinement, in and of itself, is not a per se violation of the Eighth Amendment's protection against cruel and unusual punishment. According to his complaint, Plaintiff was confined in administrative segregation for a period of 51 days. The United States Court of Appeals has found that administrative segregation for a period as long as three years was not per se unconstitutional. In re: Long term Admin. Segregation of Inmates, 174 F.3d 464, 471-72 (4th Cir.), cert. denied, 528 U.S. 874 (1999). In order to properly state a violation of the Eighth Amendment, Plaintiff must show that the segregation deprived him of a basic human need, such as food, clothing, shelter, or medical care, and that he suffered a serious physical or emotional injury as a result. Id. at 472. Plaintiff's Complaint contains no such allegations.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint (# 1), pursuant to 28 U.S.C. § 1915A, and **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (# 2).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of this "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

    January 17, 2007                              *Mary E. Stanley*
        Date                                  Mary E. Stanley
                                                United States Magistrate Judge