IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KEVIN KEITT,

          Plaintiff,

v.                                  CIVIL ACTION NO. 5:06-cv-01069

RAY ORMOND, et al.,

          Defendants.

**MEMORANDUM OPINION**

By Standing Order entered on August 1, 2006, and filed in this case on December 27, 2006, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R on January 17, 2007 [Docket 4]. In that filing, the magistrate judge recommended that this Court dismiss Plaintiff's Complaint [Docket 1] pursuant to 28 U.S.C. § 1915A and deny Plaintiff's Application to Proceed Without Prepayment of Fees [Docket 2].

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to

Magistrate Judge Stanley's PF&R were due by January 27, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiff timely filed objections to the PF&R on January 26, 2007.

## I. *BACKGROUND*

The full factual and procedural history of this action is set forth in the PF&R. At the time this action was filed, Plaintiff was a prisoner in confinement at the Federal Correctional Institution at Beckley.[*] Plaintiff brings the instant action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging violations of his Fifth Amendment right to due process and his Eight Amendment right to be free of cruel and unusual punishment. Magistrate Judge Stanley recommends the dismissal of Plaintiff's Complaint on the grounds that it fails to state a claim upon which relief can be granted.

## II. *OBJECTIONS TO PF&R*

In his objections, Plaintiff claims (1) that capricious and retaliatory disciplinary actions were taken against him under 28 CFR § 541.10 and (2) that the magistrate judge's reliance on *Sandin v. Conner,* 515 U.S. 472 (1995), was misplaced. Plaintiff does not challenge the Disciplinary Hearing Officer's findings or sanctions.

Plaintiff's first objection is inapposite because Plaintiff failed to raise the issue during the magistrate proceedings. Under the Federal Magistrates Act, magistrate judges may "conduct hearings, including evidentiary hearings, and to submit to a [district judge] proposed findings of fact and recommendations for the disposition [of the matter.]" 28 U.S.C. § 636(b)(1)(B). The parties have 10 days to file objections to proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C).

---

[*] Federal Bureau of Prisons records indicate that Plaintiff was released from custody on October 28, 2008.

However, "[r]eview of a Magistrate's ruling . . . does not permit consideration of issues not raised before the Magistrate. . . . A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship,* 784 F. Supp. 1223, 1228 (E.D. Va. 1991); *see also Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 10 (1st Cir. 2000) ("The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceeding."). In *Jesselson,* the Court concisely states the reasoning underlying this rule:

> This rule is based upon the same concept which prevents parties from arguing in the appellate courts issues and arguments not raised below. Moreover, the purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work. Allowing Plaintiffs to present their case to the Magistrate, and then, because they were unsuccessful, present new issues and arguments to this Court frustrates this purpose. The Magistrates Act was not intended to 'give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.' Plaintiffs have not raised any claim of exceptional circumstances to justify or excuse their failure to make these new arguments before the magistrate.

*Jesselson*, 784 F. Supp. at 1228-29 (internal citations omitted).

Allowing parties, including pro se litigants, to raise new issues or arguments at any point in the life of a case would result in a needless complication of litigation. Parties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them.

Here, Plaintiff makes an argument pursuant to 28 CFR § 541.10, which was not made to the magistrate judge. Plaintiff asserts no exceptional circumstances for his failure to present the issue to the magistrate judge. Moreover, Plaintiff failed to exhaust at the administrative level a nearly identical claim regarding disciplinary actions by presenting the argument in an improper form and

3

an untimely manner. Therefore, the Court **FINDS** that Plaintiff waived the argument set forth in his first objection, and accordingly the objection is **OVERRULED**.

Second, Plaintiff claims that Magistrate Judge Stanley's reliance on *Sandin* is misplaced in light of subsequent precedent. However, the cases that Plaintiff cites fail to support his argument. First, Plaintiff's reference to *Muhammad v. Close,* 540 U.S. 749 (2004), is misguided because that case addressed habeas exhaustion requirements, which are not at issue in Plaintiff's action. Second, Plaintiff cites *Wilkinson v. Austin*, 545 U.S. 209 (2005), for the proposition that "inmates have a liberty interest in avoiding restrictive conditions of confinement" and that he does not have to meet *Sandin's* standard for proving a violation of due process. Plaintiff's statement, however, misrepresents *Wilkinson's* holding. *Wilkinson* upholds *Sandin's* requirement that a Plaintiff must show an "atypical and significant hardship" caused by prison disciplinary actions. *Id*. at 223. The case simply reasons that inmates placed in a state's maximum security prison suffer an atypical and significant hardship, and consequently have a liberty interest in avoiding this type of confinement. *Id*. at 224.

In the case at hand, Plaintiff was not placed in a maximum security state prison. Therefore, he must meet *Sandin's* requirements for demonstrating a claim. As the magistrate judge found, Plaintiff failed to allege the requisite facts. Thus, this Court **ADOPTS** the magistrate judge's analysis of the issue and **FINDS** that Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's second objection is **OVERRULED**.

### III. *CONCLUSION*

Based on the above, the Court **DISMISSES** the case from the Court's docket pursuant to 28 USCA § 1915A and **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees [Docket 2]. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: November 13, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE